**GEICO GENERAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**PINNACOL ASSURANCE, Defendant–Appellant.**

No. 01CA2205.

Colorado Court of Appeals, Div. I.

Sept. 12, 2002.

Chad J. Hessel, Colorado Springs, Colorado, for Plaintiff-Appellee.

Ritsema & Lyon, P.C., Karen L. Spaulding, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

In this subrogation action, defendant, Pinnacol Assurance, appeals the trial court's order which denied its motion to dismiss and held that the claims of plaintiff, GEICO General Insurance Company, seeking recovery of PIP benefits are not barred by the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.2001 (CGIA). We affirm.

In March 1999, GEICO's insured was involved in an automobile accident on his way home from a doctor's appointment. The insured was being treated for injuries he had received in a 1995 work-related accident for which Pinnacol was paying workers' compensation benefits. GEICO paid personal injury protection (PIP) benefits to its insured under § 10–4–701, et seq., C.R.S.2001, for the automobile accident.

In February 2001, GEICO filed an action against Pinnacol seeking reimbursement of

the PIP benefits it had paid. Relying on the CGIA, Pinnacol moved to dismiss pursuant to C.R.C.P. 12(b)(1) and (5). It argued, first, that GEICO had failed to give proper notice and, second, that because GEICO's claims lie in tort or could lie in tort, Pinnacol was immune from suit.

The trial court determined that GEICO's complaint did not lie in tort, but was instead "an equitable action brought pursuant to statute." Accordingly, it held the CGIA did not apply, and it denied Pinnacol's motion to dismiss.

Pinnacol contends that GEICO's equitable subrogation claims are barred by the CGIA and the trial court erred in ruling to the contrary. We disagree.

■ Pinnacol agrees that personal injuries which occur on the way to or from a physician's office for treatment of an industrial injury are considered to have occurred within the scope of the employee's work and are, therefore, compensable under the Workers' Compensation Act (the Act). *Employers Fire Insurance Co. v. Lumbermens Mutual Casualty Co.*, 964 P.2d 591 (Colo.App.1998).

■ Pinnacol also agrees that, under the "primacy rule" created by § 10–4–706(1)(b)–(e), C.R.S.2001, the workers' compensation insurer is primarily liable for the benefits due under the Act. However, to the extent that the employee would be entitled to benefits under the Act, any carrier under the Act must reimburse the PIP carrier for all amounts paid by it. *Employers Fire Insurance Co. v. Lumbermens Mutual Casualty Co., supra,* 964 P.2d at 594.

■ Governmental immunity raises a jurisdictional issue. Where, as here, the facts are undisputed and the issue is purely one of law, we review de novo. *Springer v. City & County of Denver,* 13 P.3d 794 (Colo. 2000).

GEICO acknowledges that Pinnacol is a political subdivision of the State of Colorado. *See* § 8–45–101, C.R.S.2001. Consequently, the CGIA applies to it and its employees. *See* § 24–10–102, C.R.S.2001. The CGIA provides that "[a] public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort." Section 24–10–106(1), C.R.S.2001.

■ To determine whether a particular claim seeks compensatory relief for personal injuries and therefore lies or could lie in tort for purposes of the CGIA, a court must examine the nature of the injury claimed and the remedy sought. If the plaintiff does not seek compensation for personal harm, the claims do not lie in tort for purposes of the CGIA. *City of Colorado Springs v. Conners,* 993 P.2d 1167, 1176 (Colo.2000).

In its complaint, GEICO sought reimbursement only for the PIP benefits it had paid pursuant to its contract with its insured after his automobile accident. It did not seek any compensatory damages for personal harm. Therefore, GEICO's complaint did not lie in tort, and it is not barred by the CGIA. *Cingoranelli v. St. Paul Fire & Marine Insurance Co.,* 658 P.2d 863 (Colo.1983).

We disagree with Pinnacol that GEICO's equitable subrogation claim is analogous to the tort claim of equitable estoppel and is thus barred by the CGIA. Pinnacol's reliance on *Olsen & Brown v. City of Englewood,* 867 P.2d 96, 100 (Colo.App.1993), *aff'd,* 889 P.2d 673 (Colo.1995), is misplaced. There, the equitable estoppel claim was based on the tort of misrepresentation. Here, in contrast, neither misrepresentation nor equitable estoppel was alleged.

Accordingly, GEICO's claim for equitable subrogation is not a claim in tort, nor could it lie in tort. *See City of Colorado Springs v. Conners, supra.* Instead, the claim is a creature of equity whose purpose is to reach an equitable adjustment by securing the ultimate discharge of a debt by one who in equity and good conscience should pay it. *See United Security Insurance Co. v. Sciarrota,* 885 P.2d 273 (Colo.App.1994).

We deny Pinnacol's request for attorney fees and costs under § 13–17–201, C.R.S. 2001.

The order is affirmed

Judge CASEBOLT and Judge WEBB concur.